```
UNITED STATES DISTRICT COURT                             C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                :
EDWARD SEABROOK,                                :
                                                :    **ORDER**
                          Plaintiff,            :
                                                :    13 Civ. 3191  (BMC)
              - against -                       :
                                                :
THE CITY UNIVERSITY OF NEW YORK –               :
YORK COLLEGE,                                   :
                                                :
                          Defendant.            :
----------------------------------------------------------- X
```

Plaintiff *pro se* filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. The Court granted plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted. Plaintiff is granted 20 days leave to amend his complaint as detailed below.

## BACKGROUND

Plaintiff alleges that in 2008, he received threats from a coworker who had previously assaulted plaintiff with a deadly weapon while they were incarcerated. Although plaintiff reported the threats to his supervisor, there was no resolution. Instead, he received "unreasonable work loads impossible to complete and assigned at the time [he] was due to 'clock out.'" Plaintiff alleges that the "working conditions" coupled with the fear he experienced as a result of the coworker's threats made him afraid of going to work on a daily basis and compelled him to turn down over-time work. Plaintiff also appears to allege that he worked part-time and was denied full-time work opportunities, while a Caribbean native who was hired after plaintiff was hired was granted full-time work. Finally, plaintiff alleges that he was terminated from his

employment, without any explanation, on November 13, 2011, which was less than one month after plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination against defendant.

Plaintiff checked "race" and "national origin" for the bases on which he was discriminated against, and also indicated that the discriminatory conduct about which he is complaining are, "termination of his employment," "failure to promote," "unequal terms and conditions of his employment," and "retaliation."

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949 (2009). As the Supreme Court explained, the plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A pleading that offers "labels and conclusions" will not do. Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." Id. at 557.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to liberally construe plaintiff's complaint and interpret the allegations to raise the strongest arguments that they suggest. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of Title VII discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Plaintiff's complaint fails to state a claim for Title VII discrimination. There is nothing in the law that prohibits an employer from treating an employee unfairly unless the reason for the unfair treatment is racial or national origin discrimination. Most of plaintiff's complaints, both before this Court and the EEOC, pertain to either his burdensome working conditions or his altercations with another employee. Plaintiff has in no way alleged that his supervisor's demands or the supervisor's failure to resolve his conflicts with another employee are the bases for any race or national origin based discrimination. Plaintiff's complaint further fails to state a claim because he provides only a passing reference to any discriminatory conduct: (1) that he requested, at some point in time, and was denied, full-time work, while a Caribbean native who was hired after plaintiff was hired, was granted full-time work; and (2) that he was terminated one month after filing an EEOC charge of discrimination. These conclusory statements, devoid of even an allegation that plaintiff is a member of a protected class, and wholly lacking in relevant details, are not sufficient to state a claim under Title VII. The complaint is therefore dismissed.

The Court shall allow plaintiff, due to his *pro se* status, to amend the complaint within 20 days of the date of this Order, in order to include detailed allegations regarding any race or national origin based discrimination. Plaintiff has to understand, however, that if he is going to maintain an action in this Court, he must state a plausible case of racial or national discrimination – not just unfairness. Thus, plaintiff's amended complaint must contain detailed facts regarding how and when he was discriminated against, by whom, and the circumstances of the discrimination. If plaintiff's only allegation regarding race or national origin based discrimination is that a Caribbean person was given full-time work and he was not, then he has no claim in this Court. Plaintiff must also include any facts or details relating to his alleged termination from employment that plaintiff appears to allege was a form of retaliation for plaintiff's filing of an EEOC charge of discrimination. Again, it is not enough to state a claim of retaliation that plaintiff was fired shortly after filing an EEOC complaint. Plaintiff must allege the reason for his termination, and include any conversations he had with his supervisor regarding his termination, as well as the dates of those conversations. If all plaintiff can point to is that he was terminated after filing an EEOC claim, that is insufficient.

Plaintiff is advised that the Court will not consider any allegations regarding his supervisor's alleged failure to address properly his altercations with his coworker, unless those allegations support or in any way relate to his claim for race or national origin based discrimination.

If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the docket number 13 Civ. 3191 (BMC). The amended complaint must be served on defendant and shall completely replace the original complaint.

## **CONCLUSION**

Accordingly, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, the Court will grant plaintiff 20 days from the date of this Order to file an amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York  
      June 20, 2013

                                                                                U.S.D.J.